*Corp.*, 464 F.3d 1260, 1265–69 (11th Cir. 2006) (ERISA governs employee welfare benefit plan, which is " 'any plan, fund, or program . . . established or maintained by an employer' to provide benefits through an insurance policy" (quoting 29 U.S.C. § 1002(1)); requirements for safe harbor exception are strict; failure to meet one criterion rendered exception inapplicable); *Medford v. Metro. Life Ins. Co.*, 244 F.Supp.2d 1120, 1125 (D.Nev.2003) (all four safe harbor criteria must be met; employer's contribution under plan precluded applicability of safe harbor exception).

We thus conclude that the district court did not err in applying ERISA to Dam's state law claims, and, accordingly, we affirm. *See* 8th Cir. R. 47B.

Jay A. Ochanpaugh, Ames, IA, pro se.

Caralee D. Ochanpaugh, Ames, IA, pro se.

Andrea Tebbets, Laurie A. Snyder, Laquita Taylor–Phillips, U.S. Department of Justice Tax Division, Washington, DC, for Appellees.

Before MURPHY, BYE, and MELLOY, Circuit Judges.

**Jay A. OCHANPAUGH; Caralee D. Ochanpaugh, Appellants,**

v.

**Penny ALBRIGHT; Ida M. Jones, Appellees.**

No. 05–4284.

United States Court of Appeals, Eighth Circuit.

Submitted: Nov. 27, 2006.

Filed: Nov. 30, 2006.

PER CURIAM.

Jay and Caralee Ochanpaugh (plaintiffs) appeal from the district court's [1] dismissal of their civil action and the court's denial of their postjudgment motions to strike, which were filed more than ten days after the entry of judgment.

Plaintiffs' notice of appeal was untimely because it was not filed within sixty days after the district court entered its judgment, as required under Federal Rule of Appellate Procedure 4(a)(1)(B); plaintiffs did not move for an extension of time to appeal, pursuant to Federal Rule of Appellate Procedure 4(a)(5), *see* Fed. R.App. P. 26(b)(1) (court may not extend time to file notice of appeal except as authorized by Rule 4); and none of plaintiffs' postjudgment motions extended the time allowed to file their notice of appeal because, even if the motions were construed as Rule 59 motions, they were untimely, *see Sand-*

the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and

(4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

1. The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

*ers v. Clemco Indus.*, 862 F.2d 161, 168–69 (8th Cir.1988) (time for appeal not tolled by untimely Rule 59 motion).

Accordingly, we dismiss this appeal for lack of jurisdiction. *See United States v. Stute Co.*, 402 F.3d 820, 822 (8th Cir.2005) (timely notice of appeal is mandatory and jurisdictional).

**UNITED STATES of America,**
**Appellee,**

v.

**Jaye Lynette JARRETT, Appellant.**

**No. 06–2322.**

United States Court of Appeals,
Eighth Circuit.

Submitted: Nov. 20, 2006.

Filed: Nov. 30, 2006.

Charles E. Smith, Asst. U.S. Attorney, Kyra Jenner, U.S. Attorney's Office, Fort Smith, AR, for Appellee.

Dale E. Adams, Montgomery & Adams, Little Rock, AR, for Appellant.

Before MURPHY, BYE, and MELLOY, Circuit Judges.

**PER CURIAM.**

Jaye Jarrett appeals the 15–month prison sentence that the district court[1] imposed after revoking her probation. We affirm.

For reversal Jarrett argues that her revocation sentence is unreasonable because the court failed to consider the factors listed in 18 U.S.C. § 3553(a). We disagree. Our careful review of the revocation-hearing transcript convinces us that the court considered the section 3553(a) factors, and we conclude that the revocation sentence was not unreasonable. *See United States v. Tyson*, 413 F.3d 824, 825 (8th Cir.2005) (per curiam) (standard of review).

First, Jarrett's sentence complied with the advisory Guidelines because the district court was authorized to add 477 days of unserved community confinement and home detention to the revocation range of 4–10 months. *See* U.S.S.G. § 7B1.3(d). Second, the court explicitly considered several of the section 3553(a) factors when it made reference during the hearing to the court's initial leniency in sentencing Jarrett for the underlying conduct, and to Jarrett's poor history on probation supervision, which had required the court twice to modify the probation conditions; and notably, the same district court judge presided over the initial sentencing, the modification proceedings, and the instant revocation proceeding. *See* 18 U.S.C. § 3553(a)(1), (2) (requiring court to consider defendant's history and characteristics, and various purposes of sentence to be imposed); *cf. United States v. Larison*, 432 F.3d 921, 923 (8th Cir.2006) (district court need not mechanically list every

---

1. The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.